O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Maria Bitsakis, an individual, | ) ) ) | Case No. CV 11-05521 DDP (AGPx) |
|               Plaintiff, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
|    v. | ) ) | |
| JP MORGAN CHASE BANK, U.S. BANK NATIONAL ASSOCIATION, and DOES 1-50, inclusive, | ) ) ) ) | [Dkt. No. 8] |
|              Defendants. | ) ) ) | |

    Presently before the court is Defendants JP MORGAN CHASE BANK ("Chase") & U.S. BANK NATIONAL ASSOCIATION's Motion to Dismiss Plaintiff's Complaint. Having considered the submissions of the parties, the court GRANTS the motion on all claims and adopts the following Order.

**I.  Background**

    In August 2005, Maria Bitsakis ("Plaintiff") obtained two loans from Chase totaling $595,000[1].

---

[1] On August 1, 2005, Plaintiff obtained a loan from Chase with the following terms: $476,000 first position purchase money mortgage with a fixed interest rate at 5.875%; the next day, she
                                                                 (continued...)

1    Throughout her Complaint and Opposition, Plaintiff alleges she
2 was misled into believing that her loan[2] contained a fixed interest
3 rate when, in fact, it was an adjustable one.  While there is a
4 dispute over when Plaintiff stopped paying her loans[3], there is no
5 argument that she ceased making payments.
6    In June 2009, Plaintiff voluntarily filed a bankruptcy
7 petition under Chapter 7, which was granted in October 2009.  In
8 November 2009, Defendants commenced non-judicial foreclosure
9 proceedings by sending Plaintiff a Notice of Default on the first -
10 but not the second - loan.  See RJN, Exh. E; in May 2011, Plaintiff
11 filed suit in a California state court alleging the following
12 claims: (1) misrepresentation and fraud, (2) rescission of contract
13 and restitution of voidable cognovit note, (3)injunction against
14 wrongful foreclosure based on cognovit note, (4) quiet Title, and
15 (5) unfair business practice under California law.  Defendants
16 removed the action to this court and now move to dismiss.

**II.  JUDICIAL NOTICE**

18   Defendants request that the Court take judicial notice of
19 seven documents that are matters of public record:  (1) the deed
20 of trust dated August 1, 2005 and recorded August 11, 2005 in the
21 Los Angeles County Recorder's office;  (2) a copy of the Note

---

[1](...continued)
secured a $119,000 second position loan with a fixed interest rate of 8.010%.  See RJN, Exhs. B & D.

[2] The Complaint only addresses the second loan and omits any reference to a first loan.  See Complaint ¶15.

[3]Defendants argue that Plaintiff defaulted on both loans and has remained in default since January 2009, MTD, FN 1 p.3, while Plaintiff hints that she made payments until 2010.  Complaint at ¶36.

2

dated August 1, 2005, certified as true and correct by the escrow officer, regarding the real property at issue in this action (located at 1356 W. 1st Street, Los Angeles, CA 90732);  (3) a copy of the California Closed-End Deed of Trust dated August 2, 2005 – certified as true and correct by the escrow of officer – regarding the property at issue in this action;  (4) a copy of the Closed-End Note with Balloon Addendum dated August 2, 2005, certified as true and correct by the escrow officer, regarding the real property at issue in this action;  (5) the Notice of Default and Election to Sell Under Deed of Trust, with attached declaration, certified by First American Title Insurance Company as a true and correct copy of document recorded on November 12, 2009 as instrument No. 2009-1702878 in the Official Records of Los Angeles County;  (6) Notice of Bankruptcy Case Filing for Case No. 2:09-bk-25953-SB, filed on June 23, 2009 and identifying Plaintiff as Debtor;  (7) the discharge of Debtor for United States Bankruptcy Court, Central District of California Case No. 2:09-bk-25953-SB, Docket No. 15, entered on October 26, 2009.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." <u>Mack v. South Bay Beer Distrib.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The Court GRANTS Defendants' request for judicial notice.

**III.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be

construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

**IV. Discussion**

    **A.   Fraud and Misrepresentation**

        **1.   Plaintiff's Claims For Fraud And Fraudulent Misrepresentation are Time-Barred**

An action for relief on the ground of fraud or mistake is subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). "The cause of action is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Id. To "rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of

discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797, 808 (2005) (internal citation omitted).

    Plaintiff signed her loans on August 1 & 2, 2005 but waited until May 2011 to file this action – almost three years after the statute of limitations had run on her origination claim. Consequently, unless the statute of limitations is equitably tolled by the "delayed discovery" rule, Plaintiff's claim is untimely.

    In her Complaint, Plaintiff asserts "[she] was not aware of Defendants' fraudulent representations until 2010 when it became increasingly difficult to keep up with the adjusted payments, and Plaintiff began to ask Defendants questions regarding what [s]he believed to be the shifting terms of the agreement." Complaint p. 8:22-26; <u>see</u> <u>also</u> Opposition at p. 8:11. Plaintiff further alleges she was "unaware of the misrepresentations and fraud for <u>sometime</u> after the funding of the loan." Opposition p. 8:5-6 (emphasis added).

    As a threshold matter, this Court has reviewed the Notes dated August 1 & 2, 2005, indicating that both loans contracted by Plaintiff from Chase were based on <u>fixed</u>, not adjusted, interest rates. <u>See</u> RJN, Exhs. B & D. Thus, Plaintiff's argument that she was ignorant of the fraud until the adjusted payments became increasingly difficult to make is unconvincing.

    However, assuming, <u>arguendo</u>, that the facts are as Plaintiff suggests, Plaintiff has failed to plead with specificity the "time and manner of discovery" of the alleged fraud. All Plaintiff has

1  provided this Court is a vague assertion that, sometime in 2010,
2  she started asking questions and became aware of an alleged fraud.
3  Plaintiff does not, however, provide any specific dates or
4  circumstances of the discovery.
5      Likewise, Plaintiff has failed to plead with specificity
6  facts evidencing that, despite reasonable diligence, she would not
7  have been able to discover the alleged fraud at an earlier time.
8  Plaintiff makes the bare assertion that she did not discover the
9  alleged fraud until 2010, see Complaint ¶ 36, but, for instance,
10 she does not provide facts showing specifically how or why she was
11 unable to make an earlier discovery despite exercising reasonable
12 diligence.
13     Consequently, as Plaintiff failed to plead with specificity
14 facts showing (1) the time and manner of discovery and (2) her
15 inability to have made earlier discovery despite reasonable
16 diligence, Plaintiff cannot benefit from the "delayed discovery"
17 rule.  Therefore, Plaintiff's claims for fraud and fraudulent
18 misrepresentation are time-barred.
19 **B.   Claims For Rescission and Restitution**
20     **1.   Rescission Is Not A Cause of Action**
21     Plaintiff's second cause of action is for rescission.
22 However, rescission is a remedy, not a cause of action. <u>Taquinod</u>
23 <u>v. World Sav. Bank, FSB</u>, 755 F.Supp.2d. 1064, 1072
24 (C.D.Cal.2010)(citing Cal. Civ. Code § 1691(b); <u>Nakash v. Superior</u>
25 <u>Court</u>, 196 Cal.App.3d 59, 69-70(1987)).  Consequently, as the
26 Plaintiff fails to state a claim upon which relief can be granted,
27 the Defendants' motion to dismiss is GRANTED on this claim.
28 ///

6

### 2. Restitution Is Not A Cause of Action

Plaintiff's second cause of action, additionally, seeks state law restitution. Yet, "California does not recognize a stand-alone cause of action for unjust enrichment." Robinson v. HSBC Bank USA, 732 F.Supp.2d 976 (N.D.Cal.2010). "Unjust enrichment is not a cause of action, however, or even a remedy, but rather, a general principle, underlying various legal doctrines and remedies." McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004). Unjust enrichment is synonymous with restitution. Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 387 (2010). Since Plaintiff fails to state a cognizable claim, the Defendants' Motion to Dismiss is GRANTED on this claim.

### C. Injunctive Relief

Plaintiff's third cause of action is "for [an] injunction against wrongful foreclosure based on cognovit note." Complaint p. 10:2-3. In California, injunctive relief is a remedy, not a cause of action. See Marlin v. AIMCO Venezia, LLC, 154 Cal.App.4th 154, 162, 64 (Ct.App.2007); Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003). As Plaintiff fails to state a cause of action upon which relief can be granted, the Court GRANTS the Defendants' Motion to Dismiss on this claim.

### D. Quiet Title Claim

To state a claim for quiet title, a plaintiffs complaint must be verified and must include (1) a description of the property including both its legal description and its street address or common designation; (2) plaintiff's title and the basis upon which it is asserted; (3) that adverse claims as against which a determination is sought; (4) the date as of which a determination

7

is sought and, if other than the date the complaint is filed, a statement why the determination is sought as of that date; and (5) a prayer for determination of plaintiff's title against the adverse claims. Cal. Code Civ. Pro. 761.020. The purpose of a quiet title action is to settle all conflicting claims to the property and to declare each interest or estate to which the parties are entitled. Newman v. Cornelius, 3 Cal.App.3d 279, 284 (1970). In addition to the required elements for a quiet title action, a borrower cannot quiet title to a Property without discharging any debt owed. Miller v. Provost, 26 Cal. App.4th 1703 (1994)("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."); see also Aquilar v. Bocci, 39 Cal.App.3d 475 (1974) ("The cloud upon [one's] title persists until the debt is paid.").

Plaintiff seeks to quiet title as the true and sole owner of the Subject Property as of August 11, 2005. Complaint at ¶ 71. Assuming, without deciding, that Plaintiff's Complaint complied with the requirements of California Code of Civil Procedures section 761.020, Plaintiff has not repaid her debt. Therefore, she cannot maintain an action to quiet title. As such, the Defendants' Motion to Dismiss is GRANTED on this claim.

**E.  Unfair Business Practice Under California Business & Professions Code § 17200**

**1.  The Cause of Action is Time-Barred**

Under California law, a Plaintiff must commence a claim for Unfair Competition within four years of the cause of action accruing. See Cal. Bus. & Prof. Code. § 17208.

8

To support her claim, Plaintiff argues: a) Defendants engaged in unfair business practices aimed at deceiving Plaintiff before and during the loan process; b) Defendants, by and through their officers, employees, and agents, failed to disclose that the interest rate actually charged on this loan was higher than the rate represented and promised to Plaintiff; c) Defendants by and through their officers, employees, and agents concealed, omitted and/or otherwise failed to disclose information; d) Defendants failed to disclose the true variable nature of interest rates on adjustable rate mortgage loans and adjustable rate home equity loans; [and] e) Defendants failed to properly disclose that values of the property and their concerns of such an overinflated house price." Complaint ¶ 74.  The entirety of Plaintiff's allegations arise from the origination of the loan in August 2005.  Because the Complaint was filed in June 2011, more than four years after the accrual of the cause of action, this claim is time-barred[4].

Consequently, Defendants' Motion to Dismiss is GRANTED on this claim.

**V. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED on all claims.

IT IS SO ORDERED

Dated: February 1, 2012                    DEAN D. PREGERSON
                                           United States District Judge

---

[4] As discussed in Section IV. A. 1., the Plaintiff cannot benefit from the "delayed discovery" rule to toll the statute of limitations.

9